UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAM TRAN,

  Plaintiff,

v.

KELLI E. OSLER,

  Defendant.

CASE NO. 3:23-CV-5215-BHS

REPORT AND RECOMMENDATION

Noting Date: April 14, 2023

    The District Court has referred Plaintiff Tam Tran's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On March 15, 2023, Tran filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-2.

    In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Tran has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Tran filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Tran the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In his proposed complaint, Tran names Judge Kelli E. Osler as the sole defendant. Dkt. 1-2. The proposed complaint, however, contains no allegations against Judge Osler. *See id.* Rather, in the proposed complaint, Tran states that the sheriff arrested him and did not provide him with a translator. *Id.* Tran also states he did not have an attorney. *Id.* He states Judge Osler violated his First Amendment rights and federal civil rights laws. *Id.* Tran appears to allege the actions against him were based on his race. *Id.*

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Judge Osler, the sole defendant named in this case, has judicial immunity. "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)(internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985)(internal citations omitted).

Tran fails to state the alleged wrong-doing of Judge Osler. *See* Dkt. 1-2. However, as the actions giving rise to his complaint are related to the judicial process, Judge Osler has absolute judicial immunity from this suit. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction). There is no reasonable basis to conclude that Judge Osler does not have jurisdiction to act in Tran's case. Moreover, Tran's statements are too conclusory to sufficiently show his rights were violated and Tran fails to allege any facts that support his conclusion that Judge Osler has violated his rights. Regardless, "[a]llegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Demoran*, 781 F.2d at 158. This case has no arguable basis in law or fact.

Therefore, the proposed complaint should be dismissed as frivolous and for failure to state a claim.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In this case, any attempt by Tran to amend the proposed complaint would be futile. As such, the Court finds Tran should not be afforded leave to amend his proposed complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). The proposed complaint is frivolous and entirely without merit. Based upon the above analysis of the deficiencies in the proposed complaint, the Court recommends denying Tran's Application to Proceed IFP (Dkt. 1).

**IFP on Appeal.** In the event that Tran appeals any order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Tran to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

**Conclusion.** For the above stated reasons, the undersigned recommends Tran's Application to Proceed IFP (Dkt. 1) be denied, this case be dismissed with prejudice as frivolous and for failure to state a claim, and any IFP status on appeal be denied without prejudice to Tran to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 14, 2023, as noted in the caption.

Dated this 24th day of March, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5